UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTOS PABLO GOMEZ,

    Movant,

                                     Case No. 1:16-cv-1003

v.

                                     HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O P I N I O N**

This matter comes before the Court on Movant Gomez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On August 29, 2016, the Government filed a response in opposition. (ECF No. 5.) On October 11, 2016, Movant filed a brief in support of his § 2255 motion. (ECF No. 6.) For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On August 7, 2014, Movant pleaded guilty to aggravated felon reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2), and 1101(a)(43)(A). This Court sentenced Movant to 36 months in custody. Movant filed a direct appeal, arguing that he received an excessive sentence because the Court improperly applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). On October 9, 2015, a divided panel of the Sixth Circuit affirmed the

sentence, holding that Movant's prior conviction was a crime of violence. *United States v. Gomez*, 628 F. App'x 400, 406-07 (6th Cir. 2015). Subsequently, Movant filed this motion to vacate, set aside or correct sentence raising claims of ineffective assistance of counsel for failure to argue that the Michigan conviction for criminal sexual conduct with a minor was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) and was not a crime of violence under 18 U.S.C. § 16(b).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.

1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

Movant argues that his criminal sexual conduct conviction no longer qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) or a crime of violence under 18 U.S.C. § 16(b) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applied retroactively). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutional. But *Johnson* and *Welch* do not apply because Movant was not convicted of a violation under § 922(g), and he was not sentenced under any provision of § 924, including its residual clause. Rather, Movant pleaded guilty to being present in the United States after having been removed subsequent

to his conviction of an aggravated felony under 8 U.S.C. §§ 1326(a) and (b)(2). "[T]he *Johnson* opinion itself stressed that its reasoning did not control other statutes that refer to predicate crimes." *United States v. Taylor*, 814 F.3d 340, 378 (6th Cir. 2016). The basis for Movant's conviction is not related to the ACCA's residual clause; therefore, Movant's *Johnson* claim is meritless.

Further, a § 2255 motion "may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law," *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Movant argues that he received an excessive sentence because the Court improperly applied a 16-level enhancement under U.S.S.G. § 2L1.2. The Government contends that this claim must be denied because Movant previously raised it on appeal and the Sixth Circuit rejected it. The Court agrees. *Gomez*, 628 F. App'x at 406-07 ("Based on the foregoing, we hold that Gomez's conviction under Mich. Comp. Laws § 750.520d(1)(a) of criminal sexual conduct in the third degree qualifies as a forcible sex offense and, thus, a crime of violence under U.S.S.G. § 2L1.2.").

Movant has not shown that highly exceptional circumstances exist nor has he shown an intervening change in the case law relevant to his sentencing. Although the Sixth Circuit has held that the definition of a "crime of violence" in 8 U.S.C. § 1101(a)(43)(F) is also unconstitutionally vague, *Shuti v. Lynch*, 828 F.3d 440, 447 (6th

Cir. 2016), Movant was not convicted or sentenced under § 1101(a)(43)(F).  Nor did the Court rely on the definition of a violent crime in 18 U.S.C. § 16 for his sentence enhancement.  Rather, the Court sentenced Movant based on the specific predicate offense of sexual abuse of a minor under § 1101(a)(43)(A), as enumerated in U.S.S.G. § 2L1.2, Appl. Note 2.  Neither *Johnson* nor *Shuti* affected this enhancement.  Thus, Movant has not shown any intervening change in case law relevant to his sentence.

Movant also raises two ineffective assistance of counsel claims.  There is a two-prong test to evaluate claims of ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  A defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  *Id.*  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance."  *Id.* at 689.  Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance if he fails to carry his burden of proof on either element.  *Strickland*, 466 U.S. at 687, 697.

Movant had the same attorney for his plea, sentencing, and direct appeal.  He argues that he had ineffective assistance of counsel because his attorney failed to argue that his Michigan conviction was not an aggravated felony or crime of violence during sentencing.  But counsel objected to the 16-level enhancement in his sentencing

5

memorandum, arguing that Movant's criminal sexual conduct conviction was not a crime of violence. (*Gomez*, No. 1:14-cr-101, Sentencing Mem. 2-4, ECF No. 23, PageID.54-56.) His attorney also objected to the enhancement during Movant's sentencing hearing. (*Gomez*, No. 1:14-cr-101, Sentencing Tr. 3-4, ECF No. 30, PageID.118-19.)

Movant also argues that counsel's failure to raise a *Johnson* claim on direct appeal violated his Sixth Amendment right. Although *Johnson* was before the Supreme Court while Movant sought direct review of his sentence, the Court did not sentence Movant under the residual clause of the ACCA. Therefore, *Johnson* was not relevant to Movant's appeal.

Movant has not overcome the strong presumption that counsel's conduct fell inside the wide range of professional assistance. Even assuming that this was constitutionally-deficient performance, Movant has not shown that he was prejudiced by counsel's errors because *Johnson* does not apply to his sentence. Thus, Movant's ineffective assistance of counsel claims are without merit.

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.

Dated:     November 23, 2016                    /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE